**Xiang YANG, Petitioner,**

v.

**Alberto R. GONZALES,* Respondent.**

**No. 04–0952–AG.**

United States Court of Appeals,
Second Circuit.

Feb. 13, 2006.

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as a respondent in this case.

Xiang Yang, Brooklyn, NY, for Petitioner, pro se.

Traci L. Kenner, Assistant United States Attorney, (Matthew D. Orwig, United States Attorney for the Eastern District of Texas, on the brief) Tyler, TX, for Respondent.

Present: ROSEMARY S. POOLER, BARRINGTON D. PARKER, Circuit Judges, and WILLIAM H. PAULEY III, District Judge.**

## SUMMARY ORDER

Xiang Yang petitions for review of the BIA's February 4, 2004 denial of relief from removal under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the facts, proceedings below, and specification of issues on appeal.

 The IJ found petitioner not credible because of inconsistencies between his testimony at the hearing, his airport interview, and his asylum application. Because the airport interview was not designed to elicit the details of petitioner's claim and no follow up questions were asked, the IJ's reliance on this interview was erroneous. *See Ramsameachire v. Ashcroft,* 357 F.3d 169, 180 (2d Cir.2004). Nevertheless, because of the substantial differences between the petitioner's asylum application, on which the IJ could properly rely, and his hearing testimony, "there is no realistic possibility that, absent the errors the IJ would have reached a different conclu-

sion." *Cao He Lin v. United States Dep't of Justice,* 428 F.3d 391, 401 (2d Cir.2005).

 In the absence of credible testimony, the petitioner failed to carry his burden of proof to show that it was more likely than not he would be tortured if returned to China. *See* 8 C.F.R. § 1208.16(c)(2); *Khouzam v. Ashcroft,* 361 F.3d 161, 168 (2d Cir.2004). We cannot consider petitioner's claim that background materials supported his CAT claim because no background materials were submitted during his removal hearing. *See* 8 U.S.C. § 1252(b)(4)(A).

Based on the foregoing, the petition for review is DENIED and the previously granted stay of deportation is VACATED.